ERIC B. MITTON, OSB No. 065925
DAVID R. SCHAMBACH, OSB No. 251199
City of Medford
411 W. 8th Street, Room 260
Medford, OR 97501
(541) 774-2020
Fax: (541) 774-2567
eric.mitton@cityofmedford.org
david.schambach@cityofmedford.org
Of Attorneys for Defendant, City of Medford

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KANTOR HOLDINGS LLC, an Oregon limited liability company, and KEVIN HUSTED, an individual, dba The Grape Street Bar and Grill,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MEDFORD, a municipal corporation,<br><br>Defendant. | Case No:<br><br>NOTICE OF REMOVAL<br><br>By: Defendant |

TO: Clerk of the United States District Court for the District of Oregon, Medford

Pursuant to 28 U.S.C. Sections 1331, 1441, and 1446, Defendant removes this action from the Circuit Court of the State of Oregon for the County of Jackson to the United States District Court for the District of Oregon at Medford, Oregon.

1. On September 17, 2026, Defendant was emailed a copy of with a summons and complaint that had been filed in the Circuit Court of the State of Oregon for the County of Jackson, entitled *Kantor Holdings LLC and Kevin Husted v. City of Medford*, Case No. 26CV49126, and asked to sign an acceptance of service. Defendant signed an acceptance of service on September 24, 2026. Pursuant to 28 U.S.C. Section 1446(b) attached to this Notice of Removal is a copy of the initial pleading that sets forth Plaintiff's claim for relief upon which such action or proceeding is based.

2. Pursuant to 28 U.S.C. Section 1441(a), a defendant may remove an action filed in a state court to the United States District Court if the District Court has original jurisdiction over the action. This action is one over which the Court has original jurisdiction under 28 U.S.C. Section 1331 because Plaintiff's primary claim arises under the Constitution of the United States (specifically, the First Amendment) and federal statute (specifically, 42 U.S.C. Section 1983).

3. The remainder of Plaintiff's claims (specifically declaratory judgment) are properly within the supplemental jurisdiction of this Court, as they arise out of the same transaction and occurrence and are not subject to exclusive jurisdiction of another court.

4. Removal is timely in that fewer than 30 days have elapsed since the Summons and Complaint were first provided to Defendant. 28 U.S.C. Section 1446(b).

WHEREFORE, Defendant removes this action from the Circuit Court of the State of Oregon for Jackson County to the United States District Court for the District of Oregon at Medford.



Medford City Attorney's Office
411 West 8th Street, Medford, OR 97501
(541) 774-2020

DATED this 28th day of September, 2026.

MEDFORD CITY ATTORNEY'S OFFICE

/s/ Eric B. Mitton

ERIC B. MITTON, OSB No. 065925
City of Medford
411 W. 8th Street
Medford, OR 97501
Of Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **NOTICE OF REMOVAL** upon:

Kendell H. Ferguson
Sorenson Ransom & Ferguson
133 NW D Street
Grants Pass, OR 97526
Attorneys for Plaintiff Husted

Ryan J. Vanderhoof
Hornecker Cowling
14 N Central Ave Ste 104
Medford OR 97501
Attorneys for Plaintiff Kantor Holdings

☒ by automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice.

☐ by mailing to said attorneys a copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said attorneys at said attorneys' last known address and deposited in the post office at Medford, Oregon, on the date set forth below.

DATED this 28th day of September, 2026.

MEDFORD CITY ATTORNEY'S OFFICE

/s/ Eric B. Mitton
ERIC B. MITTON, OSB No. 065925
City of Medford
411 W. 8th Street
Medford, OR 97501
Of Attorneys for Defendant

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

| | | |
|---|---|---|
| KANTOR HOLDINGS LLC, an Oregon limited liability company, and KEVIN HUSTED, an individual, dba The Grape Street Bar and Grill,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MEDFORD, a municipal corporation<br><br>Defendant. | ) | Case No. 26CV49126<br><br>SUMMONS |

TO: City of Medford
City Attorney's Office
411 W 8th Street
Medford, OR 97501

You are hereby required to appear and defend the Petition filed against you in the above-captioned matter within thirty (30) days from the date of service of this Summons upon you; and, in case of your failure to do so, for want thereof, Plaintiffs KANTOR HOLDINGS LLC and KEVIN HUSTED, dba The Grape Street Bar and Grill ("Plaintiffs"), will apply to the Court for the relief demanded in the Complaint.

**NOTICE TO DEFENDANT CITY OF MEDFORD:**

**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case, or the other side will win automatically. To "appear," you must file with the Court a legal paper called a "motion," "response" or "answer." The "motion," "response" or "answer" must be given to the Court Clerk or Administrator within thirty (30) days, along with the required filing fee. It must be in proper form, and have proof of service on Plaintiff's attorney; or, if Plaintiff does not have an attorney, proof of service on Plaintiff. If you have questions, you should see an



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

attorney immediately. If you need help finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebasr.org; or by calling 503-684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at 800-452-7636.

If special accommodations under the Americans With Disabilities Act are needed, please contact your local Court.

SORENSON, RANSOM & FERGUSON, LLP

Kendell H. Ferguson
OSB No. 073880
kferguson@roguevalleylaw.com
*Of Attorneys for Plaintiff Kevin Husted*

HORNECKER COWLING, LLP

/s/ Ryan J. Vanderhoof
Ryan J. Vanderhoof
OSB No. 984251
rjv@roguelaw.com
*Of Attorneys for Plaintiff Kantor Holdings LLC*



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

| | |
|---|---|
| KANTOR HOLDINGS LLC, an Oregon limited liability company, and KEVIN HUSTED, an individual, dba The Grape Street Bar and Grill,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MEDFORD, a municipal corporation<br><br>Defendant. | No. 26CV49126<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)<br><br>Not Subject to Mandatory Arbitration<br><br>Fee Authority: ORS 21.135(1), (2)(f)<br>Filing Fee: $281.00 |

COMES NOW, Plaintiff KEVIN HUSTED, an individual, dba The Grape Street Bar and Grill (hereinafter: "Plaintiff Husted"), by and through his attorney, Kendell H. Ferguson, and Plaintiff KANTOR HOLDINGS LLC, an Oregon limited liability company, (hereinafter: "Plaintiff Kantor"), by and through it's attorney, Ryan J. Vanderhoof, and hereby allege as follows:

1.

Plaintiff Kantor is the owner of the real commercial property located at 31 S. Grape Street, Medford, Oregon (the "Property").

2.

Plaintiff Husted is the owner and operator of The Grape Street Bar and Grill, the commercial tenant occupying the Property.

///

///

///



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

3.

Defendant City of Medford is a municipal corporation organized under the laws of the State of Oregon, operating the Medford Police Department.

4.

Plaintiffs bring this civil rights and declaratory judgment action to challenge the facial and as-applied constitutionality of the City of Medford's Chronic Nuisance Property Ordinance, Medford Municipal Code (MMC) §§ 7.960–7.978 (the "Ordinance").

5.

The Ordinance imposes strict liability, draconian penalties, and forced business closures on private property owners for the criminal acts of unaffiliated third parties occurring in public spaces "within 200 feet" of their property.

6.

Based on information and belief, Defendant City of Medford has weaponized the Ordinance to retaliate against Plaintiffs for exercising their First Amendment right to call police for assistance with the growing unhoused and transient population in downtown Medford, and with criminal activity by individuals not affiliated with Plaintiffs.

7.

This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to ORS 28.010 et seq. This Court has concurrent jurisdiction over Plaintiffs' federal civil rights claims under 42 U.S.C. § 1983.

8.

Venue is proper in Jackson County pursuant to ORS 14.040 and 14.080, as the real property at issue is located in Jackson County and Defendant is a municipal corporation located within Jackson County.

9.

Under MMC 7.962(3), a property is deemed a "Chronic Nuisance Property" if a specified number of criminal activities occur "on or within 200 feet of a property."



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

10.

The Property is located in a dense commercial corridor in downtown Medford, surrounded by public streets, public sidewalks, public alleys, and private properties owned by third parties.

11.

A 200-foot radius extending from the property line of 31 S. Grape Street encompasses massive portions of the downtown grid over which Plaintiffs have absolutely no ownership, control, or legal jurisdiction.

12.

Because of this arbitrary 200-foot radius, any crime occurring on the adjacent public streets, crosswalks, or shared private parking lots technically occurs within 200 feet of multiple different properties simultaneously.

13.

Because the Ordinance attributes liability based on proximity rather than fault or ownership, the following businesses, properties, and entities located within the 200-foot radius of the Property (or sharing an overlapping radius for the same public spaces) are theoretically equally responsible for the nuisance conditions identified by Defendant, yet they have not been targeted for closure:

* Rogue Valley Coin & Jewelry (41 S. Grape St)
* Commercial Occupants/Offices at 29 S. Grape St
* Gypsy Blues Bar (111 S. Grape St) (Overlapping radius)
* Commercial Occupants at 205 W 8th St and 35 W 8th St
* The Owners of the Private Parking Lots across Grape Street
* The City of Medford (As the owner of Alba Park, the public sidewalks, and the public right-of-way where the majority of the alleged incidents actually occurred).

///

///



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

14.

Downtown Medford has a well-documented crisis involving unhoused individuals, vagrancy, and transient crime. Downtown Medford also has a well-documented crisis involving illegal drugs. Plaintiffs, as responsible business owners, have routinely utilized 911 and police services to report crimes and medical emergencies occurring outside their doors.

15.

Rather than police the downtown corridor, Defendant has explicitly weaponized Plaintiffs' calls for service against them, using Plaintiffs' constitutionally protected requests for police assistance to tally "nuisance activities" against the Property.

16.

The disparity is not explained by the existence of alcohol-related crime at the Property. Rather, the available records support the inference that Defendant selected Plaintiffs because Plaintiffs and their staff repeatedly called for police assistance, cooperated with law enforcement, reported crimes and medical emergencies, and sought removal or intervention concerning unaffiliated persons in surrounding public spaces.

17.

Counting those requests for governmental assistance against Plaintiffs, while declining comparable enforcement at other establishments with substantial police activity, penalizes protected activity and reflects arbitrary, selective, and irrational enforcement.

18.

The records produced to Plaintiffs do not show that Defendant issued comparable chronic-nuisance notices, imposed comparable operating restrictions, sought comparable closure orders, or otherwise enforced the Ordinance against those neighboring establishments.

///



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

19.

On information and belief, Defendant has continued to permit those establishments to operate while singling out Plaintiffs for the extraordinary sanction of closure or severe restriction.

20.

The same police records document substantial calls for service at numerous other establishments serving alcohol in and near downtown Medford. Those records report the following totals for the same December 1, 2024 through April 27, 2026 period:

- 107 calls at 1 S. Riverside Avenue - The Office;
- 76 calls at 812 S. Central Avenue - Trophy Club;
- 49 calls at 111 S. Grape Street - Gypsy Blues;
- 29 calls at 333 E. Main Street - Rocky Tonk;
- 26 calls at 404 E. Main Street - Jefferson Spirits;
- 26 calls at 315 E. 5th street - Common Block;
- 23 calls at 106 S. Grape Street - Voodoo; and
- additional calls at other neighboring establishments.

21.

These locations include repeated calls coded as disorderly conduct, assault, DUI, theft, trespass, harassment, domestic disturbance, medical, suspicious activity, and other conduct included within or comparable to the categories Defendant relies upon against Plaintiffs.

22.

The limited records expressly identifying an alcohol-related offense further demonstrate the defect in Defendant's attribution theory. Among the materials produced, only isolated calls are expressly coded as DUI or DUII, including a DUI call at 106 S. Grape Street and DUI calls at 1 S. Riverside Avenue. Defendant's chronic-nuisance list for the Property likewise identifies only one DUII charge among the listed incidents.



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

Defendant nevertheless aggregates unrelated crimes, medical events, public-order calls, and conduct by unaffiliated third parties as though all such events were caused by Plaintiffs' operation of The Grape Street Bar and Grill.

23.

The City's own calls-for-service records undermine any contention that the cited activity is uniquely attributable to alcohol service at the Property. For the period December 1, 2024 through April 27, 2026, the records list 142 calls associated with 31 S. Grape Street, but the overwhelming majority are coded under general categories such as disorderly conduct, assault, trespass, suspicious activity, medical assistance, welfare checks, theft, follow-up, and similar police-service classifications. The records do not identify most of those calls as alcohol-related offenses and do not establish that the reported conduct was committed by Plaintiffs, their employees, or their patrons as a direct result of having visited The Grape Street Bar and Grill.

FIRST CLAIM FOR RELIEF

(First Amendment Retaliation and Petition Clause; Facial and As-Applied Challenge under 42 U.S.C. § 1983)

24.

Plaintiffs re-allege paragraphs 1 through 23 as fully stated herein.

25.

Plaintiffs' reports of crimes, requests for emergency assistance, cooperation with law enforcement, and requests that police address unaffiliated persons in public spaces constitute protected speech and petitions for governmental redress under the First Amendment.

26.

Defendant subjected Plaintiffs to adverse governmental action by designating or prosecuting the Property as a chronic nuisance and threatening closure or severe

///



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

operating restrictions. Those actions would predictably chill the ordinary person from reporting crimes, requesting emergency aid, or otherwise seeking police assistance.

27.

Plaintiffs' protected activity was a substantial or motivating factor in Defendant's enforcement decision. Defendant counted Plaintiffs' calls for police assistance as nuisance events, relied on the resulting call volume to justify enforcement, and targeted Plaintiffs while refraining from comparable enforcement against similarly situated businesses with substantial police activity.

28.

The sequence and nature of Defendant's acts, its direct use of Plaintiffs' protected calls as enforcement evidence, and the materially different treatment of comparator establishments plausibly establish retaliatory motive and causation. Absent Plaintiffs' protected requests for assistance, Defendant would not have accumulated or attributed the same number of alleged nuisance events to the Property or pursued the same threatened sanctions.

29.

Defendant's enforcement imposes an unconstitutional condition: Plaintiffs must either refrain from seeking police protection or risk having their requests used to close or restrict their business. A municipality may not condition continued lawful operation upon surrender or nonexercise of the right to seek police assistance.

30.

As applied, the Ordinance is unconstitutional because Defendant uses protected reports and requests for assistance as a trigger and evidentiary basis for punitive enforcement. It is facially overbroad to the extent it authorizes the City to count victim-initiated or property-owner-initiated requests for police assistance without requiring culpability, control, participation, or a nexus between the reporting property and the third party's conduct.



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

31.

Defendant's retaliatory and chilling application has caused and continues to cause threatened closure, restricted operations, lost revenue, reputational harm, and deterrence from requesting police assistance.

SECOND CLAIM FOR RELIEF

(Fourteenth Amendment Equal Protection, Selective Enforcement, and Class-of-One Claim under 42 U.S.C. § 1983)

32.

Plaintiffs re-allege paragraphs 1 through 23 as fully stated herein.

33.

The Equal Protection Clause prohibits a municipality from intentionally treating one person or business differently from others similarly situated when the differential treatment lacks a rational basis or rests on an impermissible retaliatory purpose.

34.

Plaintiffs are similarly situated in all material respects to neighboring and downtown establishments that serve alcohol, operate during comparable hours, draw members of the public, and generate police calls involving disorderly conduct, assault, DUI, theft, trespass, harassment, medical events, suspicious activity, and conduct comparable to the categories Defendant attributes to Plaintiffs.

35.

The same public streets, sidewalks, alleys, parking areas, and transient population affect Plaintiffs and comparable establishments. Under Defendant's 200-foot theory, incidents in shared or overlapping public areas may be attributed to multiple properties. Those common conditions make the comparable establishments alike with respect to the purpose and operation of the Ordinance.

36.

Defendant intentionally treated Plaintiffs differently by pursuing chronic-nuisance



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

enforcement and threatening closure or severe operating restrictions, while not imposing comparable proceedings or sanctions against the identified comparator establishments despite substantial and similar police activity.

37.

The differential treatment is not rationally related to abating property-caused nuisance conditions because Defendant's records do not establish that most cited incidents were alcohol-related, caused by Plaintiffs, committed by Plaintiffs' employees or patrons, or subject to Plaintiffs' control. Attributing public-space conduct to Plaintiffs while declining to attribute equivalent conduct to nearby properties is arbitrary geography, not rational nuisance abatement.

38.

Defendant's conduct was further motivated by an impermissible retaliatory purpose: Plaintiffs exercised their First Amendment right to seek police assistance, and Defendant converted that protected activity into the basis for punitive enforcement. Selective enforcement intended to burden protected requests for assistance cannot supply a legitimate governmental basis for differential treatment.

39.

Defendant's asserted distinction is pretextual because it does not track alcohol-related offenses, ownership or control of the incident location, offender affiliation, or comparative call volume. Instead, it tracks Defendant's decision to count Plaintiffs' protective calls against Plaintiffs while disregarding materially comparable calls and public-space incidents associated with other establishments.

40.

Defendant's intentional, irrational, and retaliatory selective enforcement violates Equal Protection as a class-of-one claim and as selective enforcement burdening a fundamental First Amendment right.

///



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

THIRD CLAIM FOR RELIEF

(Fourteenth Amendment Substantive and Procedural Due Process under 42 U.S.C. § 1983)

41.

Plaintiffs re-allege paragraphs 1 through 23 as fully stated herein.

42.

Plaintiffs possess protected property interests in the ownership, possession, use, and continued lawful operation of the Property and business, including operation without arbitrary closure or severe municipal restrictions.

43.

As applied, the Ordinance is arbitrary and irrational because it imposes drastic sanctions based on third-party conduct in public spaces Plaintiffs do not own, control, police, or have legal authority to regulate, without requiring a causal nexus between Plaintiffs' conduct and the alleged nuisance.

44.

The Ordinance compounds that arbitrariness by allowing the City to count Plaintiffs' own requests for police and emergency assistance as evidence against them. That mechanism punishes reasonable mitigation and makes enforcement turn on whether a responsible business seeks governmental help rather than whether the business caused or permitted a nuisance.

45.

The affirmative defense in MMC 7.972(2) does not cure the deprivation because it shifts to Plaintiffs the burden of disproving an ability to control conduct in public areas where Plaintiffs have no lawful authority. Without meaningful standards governing attribution, comparator selection, causation, and enforcement discretion, the process creates an intolerable risk of arbitrary deprivation.

///



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

46.

Defendant's selective reliance on Plaintiffs' calls, while declining comparable enforcement against similarly situated establishments, demonstrates that the threatened deprivation is not the product of neutral standards but of arbitrary and retaliatory enforcement.

47.

Plaintiffs are entitled to relief preventing closure or operating restrictions unless Defendant provides adequate notice, a meaningful opportunity to contest attribution and comparator evidence, and a neutral determination based on conduct for which Plaintiffs are legally responsible.

FOURTH CLAIM FOR RELIEF

(Fifth and Fourteenth Amendments Regulatory Taking under 42 U.S.C. § 1983)

48.

Plaintiffs re-allege paragraphs 1 through 23 as fully stated herein.

49.

Defendant's threatened twelve-month severe restriction of operating hours would substantially interfere with Plaintiffs' distinct, investment-backed expectations in continued lawful use of the Property and operation of the business.

50.

The economic impact would be severe because the threatened restrictions would eliminate or materially impair business use, revenue, tenant operations, and Property value during the restriction period.

51.

The character of the governmental action is especially burdensome because Defendant seeks to force Plaintiffs alone to bear the cost of a generalized downtown public-safety problem arising largely from public-space conduct by unaffiliated third parties, despite materially comparable conditions at other establishments.



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

52.

To the extent the threatened closure denies all economically beneficial use during the closure period, or otherwise goes too far under the regulatory-takings factors, Defendant must provide just compensation.

ATTORNEY FEES AND DAMAGES

53.

Plaintiffs re-allege paragraphs 1 through 52 as fully stated herein.

54.

Plaintiffs are entitled to compensatory damages for lost revenue, reputational harm, and interference with business operations caused by Defendant's unconstitutional application of the Ordinance, pursuant to 42 U.S.C. § 1983. Plaintiff Kantor has been damaged in an amount to be proven at trial, not to exceed $50,000. Plaintiff Husted has been damaged in an amount to be proven at trial, not to exceed $150,000.

55.

As Plaintiffs are seeking to vindicate their federal constitutional rights under § 1983, they are entitled to an award of reasonable costs and attorney fees under 42 U.S.C. § 1988(b). Furthermore, under Oregon's Uniform Declaratory Judgments Act (ORS 28.080), the Court may grant supplemental relief, which can include attorney fees in cases vindicating constitutional rights against a municipality.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. On Plaintiffs' First Claim for Relief, issuance of a Declaratory Judgment in favor of Plaintiffs declaring that Medford Municipal Code §§ 7.960–7.978 violates the First Amendment Retaliation and Petition Clause and is unconstitutional on its face and as applied to Plaintiffs under 42 U.S.C. § 1983;

2. On Plaintiffs' Second Claim for Relief, issuance of a Declaratory Judgment in favor of Plaintiffs declaring that Medford Municipal Code §§ 7.960–7.978 violates the First Amendment Retaliation and Petition Clause and is unconstitutional on its face as



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

applied to Plaintiffs under 42 U.S.C. § 1983;

3. On Plaintiffs' Third Claim for Relief, issuance of a Declaratory Judgment in favor of Plaintiffs declaring that Medford Municipal Code §§ 7.960–7.978 as applied to Plaintiffs violates the Fourteenth Amendment Substantive and Procedural Due Process provisions under 42 U.S.C. § 1983;

4. On Plaintiffs' Fourth Claim for Relief, issuance of a Declaratory Judgment in favor of Plaintiffs declaring that Medford Municipal Code §§ 7.960–7.978 as applied to Plaintiff constitutes a Regulatory Taking under the Fifth and Fourteenth Amendments under 42 U.S.C. § 1983;

5. Award Plaintiff Kantor compensatory damages under 42 U.S.C. § 1983 in an amount to be proven at trial, not to exceed $50,000;

6. Award Plaintiff Husted compensatory damages under 42 U.S.C. § 1983 in an amount to be proven at trial, not to exceed $150,000;

7. Award Plaintiffs their reasonable attorney fees, costs, and disbursements pursuant to 42 U.S.C. § 1988(b) and ORS Chapter 28; and

8. Grant such other and further relief as the Court deems just and equitable.

Dated this 15th day of September, 2026.

SORENSON, RANSOM & FERGUSON, LLP

Kendell H. Ferguson
OSB No. 073880
kferguson@roguevalleylaw.com
*Of Attorneys for Plaintiff Kevin Husted*

HORNECKER COWLING, LLP

/s/ Ryan J. Vanderhoof
Ryan J. Vanderhoof
OSB No. 984251
rjv@roguelaw.com
*Of Attorneys for Plaintiff Kantor Holdings LLC*



SORENSON, RANSOM & FERGUSON, LLP
ATTORNEYS AT LAW
133 NW 'D' STREET
GRANTS PASS, OR 97526
(541) 476-3883 FAX (541) 474-4495

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kantor Holdings LLC and Kevin Husted

**(b)** County of Residence of First Listed Plaintiff: Jackson County, OR
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ryan Vanderhoof, Hornecker Cowling, 14 N Central Suite 104, Medford OR 97501, 541-779-8900
Kendell Ferguson, Sorenson Ransom & Ferguson, 133

## DEFENDANTS

City of Medford

County of Residence of First Listed Defendant: Jackson County, OR
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Eric Mitton, City Attorney's Office, 411 W 8th Street Suite 260, Medford OR 97501, 541-774-2020

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 USC Section 1983

Brief description of cause:
Alleged violation of First Amendment and Fourteenth Amendment rights via pending municipal judicial proceeding

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 200,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE: The Honorable Virginia Greer
DOCKET NUMBER: Medford Muni Ct 26E02916

DATE: September 25, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Eric B. Mitton

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______